**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| DAVY WOODS | : | |
| ANGELA B. WOODS | : | BK. No. 19-11128 ELF |
| A/K/A ANGELA WOODS | : | |
| Debtors | : | |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF**
**FROM THE AUTOMATIC STAY**

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, **FREEDOM MORTGAGE CORPORATION**, and JOHN L. MCCLAIN, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at **309 ROSS COURT, WYNCOTE, PA 19095-1228**, mortgage account ending with **"5082"**.

3. The parties agree that the total post-petition arrearage consists of four (4) monthly payments for the months of August 2019 through November 2019 at $2,097.32 each; less Debtors' suspense in the amount of $2,073.00; resulting in the total post-petition arrearage amount of $6,316.28.

4. Beginning December 1, 2019, Debtors shall commence payment of the regular monthly mortgage payment in the amount of $2,083.24, plus the additional payment in the amount of $1,052.73, for a total monthly payment amount of $3,135.97.

5. Beginning January 1, 2020, Debtors shall commence payment of the regular monthly mortgage payment in the amount of $2,083.24, plus the additional payment in the amount of $1,052.71, for a total monthly payment amount of $3,135.95. The Debtors will continue to pay this amount each month from January 1, 2020 through and including May 1, 2020 to cure the aforementioned post-petition arrearage. All subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **FREEDOM MORTGAGE CORPORATION, ATTN: CASH MANAGEMENT, 10500 KINCAID DRIVE, FISHERS, IN 46037**.

6. If Debtors provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

7. Should the Debtors fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

8. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9.    Debtors' tendering of a check to **FREEDOM MORTGAGE CORP.**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

10.    The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

11.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    November 27, 2019

Jerome Blank, Esq.
Andrew L. Spivack, Esq.
Thomas Song, Esq.
Mario J. Hanyon, Esq.
Attorneys for Movant

JOHN L. MCCLAIN, ESQUIRE     Mitchell J. Prince, ESQ.
Attorney for Debtor